BOLIN, Judge.
C. E. Boyter filed suit against Charles L. Barnett, a Shreveport attorney, claiming $1883.33 for services rendered by plaintiff, a contract pumper, on defendant’s oil leases. Defendant readily admitted the correctness of the claim and that it was unpaid, but in his answer sought to offset the sum of $1260.70 which he contended plaintiff owed him for legal services and certain supplies purchased by plaintiff and paid for by defendant. The amount of $622.63 was tendered by defendant as full payment, being the difference between the sum owed plaintiff and that claimed in the offset, but the tender was refused and the payment was deposited in the registry of the court to await outcome of the trial.
Since the indebtedness to plaintiff is conceded, testimony was adduced only on the claim for the set-off, and judgment was awarded in favor of plaintiff for $1502.76, together with 10% attorney’s fees and legal interest from date of demand, the lower court allowed a credit of $380.57 for part of the items claimed by defendant. The judgment also decreed recognition of a lien and privilege against Barnett, affecting certain oil and gas leases located in the Caddo Pine Island Field, Caddo Parish, Louisiana. From this judgment defendant appeals. Plaintiff did not answer the appeal, but urges this court to affirm the judgment.
Plaintiff concedes the supplies were paid for and the legal services, as itemized, were performed for him by Barnett; however, with the exception of one fee of $112.50 which he admits, he disclaims liability for the-fees listed for the reason Barnett had never rendered him a bill nor asked for such fees until after the employer-employee relationship was terminated. On the contrary, he testified that after each transaction he, Boyter, offered to pay defendant, but the latter always assured him that he owed him nothing because of the extra work plaintiff performed beyond his regular duties. Barnett testified he did not think he had ever told Boyter he didn’t owe for the legal services, but that he had told him they would “even” tilings up later because, as he stated, he was usually one to three months behind on Boyter’s salary. Insofar as the supplies are concerned Boyter testified Barnett had furnished them for use in plaintiff’s pickup truck used in his work on defendant’s lease. A claim for labor was admitted to the extent of $16.
No written reasons were assigned nor were the credits allowed identified, therefore we can only surmise the basis for the lower court’s decision. A breakdown of the total offset allowed, in the light of the evidence adduced on the trial, leads us to the conclusion the lower court awarded recovery for the two admitted items, i. e. $112.50 and $16 and additionally $218.35 for gas and $33.42 for tires, totaling $380.-57. As to the remaining items we conclude he found each party was performing additional services for the other and either that Barnett was compensated for the serv *327 ices in some manner or never intended to charge for them.
No legal authority has been cited by appellant in support of his appeal asking reversal of the judgment. The issue appears to be purely factual. We have examined the testimony carefully but are unable to say the lower court, having the witnesses before it, made any error in its conclusions. The judgment is, accordingly, affirmed at appellant’s cost.
Affirmed.